F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 0 9 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01335-BNB

DOUGLAS A. GLASER,

      Applicant,

v.

GARY WILSON,

      Respondent.

_____

ORDER OF DISMISSAL

_____

      Applicant, Douglas A. Glaser, is an inmate at the Denver County Jail in Denver,

Colorado.  Mr. Glaser has filed *pro se* an application for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241 seeking dismissal of the criminal charges pending against

him in state court and his release from custody.  The Court must construe the

application liberally because Mr. Glaser is not represented by an attorney.  *See Haines

v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See

Hall*, 935 F.2d at 1110.  For the reasons stated below, the application will be denied and

the action will be dismissed.

      Mr. Glaser originally was arrested on February 14, 2005, and "the procedural

history of [his criminal] case is extraordinarily 'tortured and star-crossed.'"  *People v.

Glaser*, 250 P.3d 632, 635 (Colo. 2010).  This procedural history includes, "[a]mong

other things, eight rescheduled trial dates, two mistrials, three replacements of defense

counsel (including one because of a suicide and another because of a mental breakdown mid-trial), one interlocutory appeal by the prosecution, and two petitions to the supreme court by defendant." *Id.* Most recently, after the trial court dismissed the charges against Mr. Glaser on state and federal constitutional speedy trial grounds, the Colorado Court of Appeals reversed that order and remanded the case with directions to reinstate the charges. *See id.*

Mr. Glaser also previously has sought habeas corpus relief in this Court seeking dismissal of the pending criminal charges. *See Glaser v. Lovinger*, No. 07-cv-00843-LTB-BNB (D. Colo. Mar. 3, 2008). In the prior habeas corpus action, the Court abstained from exercising jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), and dismissed the application without prejudice. For the reasons discussed below, the Court finds that *Younger* abstention again is appropriate and will dismiss this action without prejudice.

Absent extraordinary or special circumstances, federal courts are prohibited from interfering with ongoing state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). To establish extraordinary or special circumstances, a defendant must be facing an irreparable injury that is both great and immediate. *See Younger*, 401 U.S. at 46. Abstention is appropriate if three conditions are met: "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps*, 122 F.3d at 889.

2

The first condition is met because Mr. Glaser alleges that the charges remain pending against him in state court.  The second condition also is met because the Supreme Court "has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." ***Kelly v. Robinson***, 479 U.S. 36, 49 (1986) (citing ***Younger***, 401 U.S. at 44-45).  With respect to the third condition, Mr. Glaser fails to demonstrate that the state proceedings do not afford an adequate opportunity to present his federal claims.  In fact, it is apparent that Mr. Glaser has taken advantage of the opportunity to present at least his federal constitutional speedy trial claim in the state court proceedings. ***See, e.g., Glaser***, 250 P.3d 632.  The fact that Mr. Glaser's efforts to have the criminal charges against him dismissed have so far been unsuccessful does not mean that he has not had, or does not have, an adequate opportunity to present his federal claims in the state court proceedings.

Mr. Glaser "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" ***Phelps***, 122 F.3d at 889 (quoting ***Perez v. Ledesma***, 401 U.S. 82, 85 (1971)).  However, the fact that Mr. Glaser will be forced to appear in state court on criminal charges, by itself, is not sufficient to establish great and immediate irreparable injury. ***See Younger***, 401 U.S. at 46; ***Dolack v. Allenbrand***, 548 F.2d 891, 894 (10th Cir. 1977).

Courts have considered three factors in determining whether a prosecution is commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

*Id*. It is Mr. Glaser's "'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id*. at 890.

Although Mr. Glaser argues strenuously that the charges pending against him lack merit, he fails to demonstrate that the criminal case was commenced with no reasonable hope of success. He also fails to demonstrate or even allege any improper motivation for the charges. Finally, there is no indication that the criminal case against Mr. Glaser has been conducted in such a way as to constitute harassment or an abuse of prosecutorial discretion. Therefore, the Court finds that *Younger* abstention is appropriate in this action.

To summarize, Mr. Glaser does not allege any facts that indicate he will suffer great and immediate irreparable injury if the Court fails to intervene in the ongoing state court criminal proceedings. If Mr. Glaser ultimately is convicted in state court and he believes that his federal constitutional rights were violated in obtaining that conviction, he may pursue his claims in federal court by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 after he exhausts state remedies. Accordingly, it is

ORDERED that the application is denied and the action is dismissed without prejudice.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this _9th_ day of _____June_____, 2011.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01335-BNB

Douglas A Glaser
Prisoner No. 0475322
Denver County Jail
PO Box 1108
10500 E Smith Rd
Denver, CO 80201

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on June 9, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
                    Deputy Clerk